**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

SANDRA LOIS MENDEZ, AMY R.
BRAZEE, SETH GATES, and LORI R.
SINGER f/k/a Lori R. Kogan, on behalf of
themselves and all others similarly situated,

       Plaintiffs,

v.

JFK MEDICAL CENTER LIMITED
PARTNERSHIP d/b/a JFK MEDICAL
CENTER, NATIONAL PATIENT
ACCOUNT SERVICES, INC., HCA
HOLDINGS, INC., PALMS WEST
SURGERY CENTER, LTD. d/b/a Palms West
Surgicenter, UNIVERSITY HOSPITAL, LTD.
d/b/a University Hospital & Medical Center,
and MIAMI BEACH HEALTHCARE
GROUP, LTD. d/b/a Aventura Hospital and
Medical Center,

       Defendants.
_____/

CASE NO.: _____

CLASS ACTION

## NOTICE OF REMOVAL

Defendant HCA Holdings, Inc. (now known as HCA Healthcare, Inc.[1] and referred to herein as "Holdings"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and through its undersigned counsel, hereby removes the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the action is now pending as Case. No. 14-CA-013110 (the "**State Court Action**"), to the United States District Court for the Southern District of Florida, West Palm Beach Division.

---

[1] This name change took effect May 8, 2017.

**Background**

1. On or about October 27, 2014, Plaintiff Mendez commenced a putative class action against National Patient Account Services, Inc. ("**NPAS**") and JFK Medical Center Limited Partnership d/b/a JFK Medical Center ("**JFK**") by filing the complaint attached hereto as Exhibit A (the "**Complaint**") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

2. The Complaint related to charges by NPAS and JFK allegedly in excess of amounts authorized under the Florida Motor Vehicle No-Fault Law. The Complaint alleged three counts: Request for Declaratory Judgment (Count I), Violations of Florida Consumer Collection Practices Act ("**FCCPA**") (Count II), and Violations of Florida Deceptive and Unfair Trade Practices Act ("**FDUTPA**") (Count III).

3. The Complaint defined the putative class as follows:

> For the period from four (4) years preceding the filing of this action through the date of the entry of judgment herein, all patients JFK or NPAS billed for amounts in excess of that authorized under the Florida Motor Vehicle No-Fault Law.

(Compl. ¶ 35.)

4. On February 13, 2015, Defendant NPAS timely removed the Complaint to the United States District Court for the Southern District of Florida, Case No. 9:15-cv-80189, on the ground that the Court had original jurisdiction over this putative class action under the Class Action Fairness Act of 2005 ("**CAFA**") because the parties met the requisite minimal diversity requirement and because the amount in controversy exceeded $5,000,000. (*See* Exhibit B, Notice of Removal, with exhibits.)[2]

---

[2] While the case was pending in federal court, Plaintiff Mendez filed an Amended Complaint, which, among other things, removed the FCCPA claim.

5. On March 16, 2015, Plaintiff Mendez moved to remand on the ground that the amount in controversy was not met. (*See* Exhibit C, Case No. 9:15-cv-80189, Mot. to Remand.)

6. Following a hearing, the Honorable Judge Kenneth L. Ryskamp granted the Motion to Remand on the ground that NPAS failed to establish that the amount in controversy was met, i.e., that it exceeded $5,000,000. (*See* Exhibit D, Case No. 9:15-cv-80189, Order Granting Plaintiff's Mot. to Remand, dated May 12, 2015.) The Court reasoned that

> Defendants' billing does not represent the amount in controversy. . . . . Rather, the figure . . . indicating that JFK collected a total of $722,171.52 from other insurance companies and a total of $598,912.75 from patients, represents the amount in controversy. Such figures total $1,321,164.27, which is below $5,000,000.

(Order Granting Plaintiff's Mot. to Remand at 4-5.)

7. On April 20, 2017 – nearly two years after the case was remanded – Plaintiff Mendez and three new Plaintiffs sought and were granted leave to amend their Complaint.

8. On June 14, 2017, Plaintiffs filed the Second Amended Class Action Complaint ("**Second Amended Complaint**," attached hereto as Exhibit E). Of note, the Second Amended Complaint:

- Named three (3) additional facility owners as Defendants (Palms West Surgery Center, Ltd. d/b/a Palms West Surgicenter ("**Palms West**"); University Hospital, Ltd. d/b/a University Hospital & Medical Center ("**University Hospital**"); and Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical Center ("**Aventura Hospital**");

- Named Holdings as an additional Defendant;

- Added allegations targeting all "health care subsidiaries" of Holdings (defined by Plaintiffs as "**HCA's Florida Providers**"), which, as a practical matter, encompasses more than 350 companies, including dozens of hospitals throughout the State of Florida; and

- Modified their original class definition and added a new putative class definition as follows:

3

> CLASS I – For the period from four (4) years preceding the filing of this action through the date of the entry of judgment herein, all patients JFK or NPAS billed for amounts in excess of that authorized under the PIP statute.
>
> CLASS II – For the period from four (4) years preceding the filing of this Second Amended Complaint through the date of the entry of judgment herein, all patients HCA's Florida Providers (excluding JFK) or NPAS billed for amounts in excess of that authorized under the PIP statute.

(2d Am. Compl. ¶ 84; 2d Am. Compl. Ex. A.)

9. On June 21, 2017, Holdings was served with summons and the Second Amended Complaint.  (*See* Exhibit F, Return of Service as to Holdings.)

10. Holdings timely removes this case to the United States District Court for the Southern District of Florida.[3]

## CAFA Standards

11. CAFA defines "class action" to include actions filed under Fed. R. Civ. P. 23 "or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  CAFA applies to "any class action before or after the entry of a class certification order."  28 U.S.C. § 1332(d)(8).  The number of members of all proposed plaintiff classes in the aggregate must be at least one hundred.  28 U.S.C. § 1332(d)(5)(B).

12. Federal jurisdiction over this action is mandatory under CAFA.  CAFA provides that this Court has original jurisdiction over class actions as follows:

---

[3] Because this case is a putative class action, the one-year limitation period set forth in 28 U.S.C. § 1446(c)(1) does not apply.  *See* 28 U.S.C.A. § 1453(b) ("In general.--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.").

4

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant. . . .

28 U.S.C. § 1332(d)(2); *see Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

13. A class action under CAFA may be removed "to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

### Application of CAFA Standards

14. The State Court Action, as modified by the Second Amended Complaint, meets the CAFA definition of "class action" because it was filed and titled as a putative class action and contains numerous allegations to that effect. (*See, e.g.*, 2d Am. Compl. ¶¶ 1, 15, 84-100.) Plaintiffs allege that their proposed classes include "hundreds of persons." (*Id*. ¶ 92.)

15. CAFA's minimal diversity requirement is met. All four Plaintiffs allege Florida "residency" and otherwise do not indicate they are not Florida citizens pursuant to 28 U.S.C. § 1332. (*See* 2d Am. Compl. ¶¶ 19-22.) Holdings and NPAS are deemed citizens of the state of their incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). Holdings is a Delaware corporation with its principal place of business in Tennessee, and NPAS is a Texas corporation with its principal place of business in Tennessee. (*See* 2d Am. Compl. ¶¶ 24, 29; *see also* Declaration of Michael Bray attached hereto as Exhibit G, ¶¶ 3-6.)

16. CAFA's amount-in-controversy requirement is met. With respect to Count I of the Second Amended Complaint, Plaintiffs seek declaratory relief, injunctive relief, attorneys'

fees and costs, and restitution or reimbursement of excess charges (2d Am. Compl., Count I, ¶ 113), and with respect to Count II, Plaintiffs seek declaratory relief, actual damages, pre-judgment interest, and attorneys' fees and costs under the FDUTPA. (*Id.*, Count II, ¶ 129).

17. Although Plaintiffs do not propose how damages should be calculated, the allegations in the Second Amended Complaint make it apparent that the amount in controversy exceeds $5 million.

18. According to the Order entered by Judge Ryskamp, the amount in controversy in this action is at *least* the amount the facilities collected from insurance companies (other than PIP insurers) and from patients. (*See* Order Granting Pl.'s Mot. to Remand at 4-5.) While Defendants believe, given Plaintiffs' allegations, that the amount in controversy should also include those amounts the facilities billed patients, the CAFA minimum amount in controversy is nonetheless easily met.

19. As detailed in the Supplemental and Second Supplemental Declarations of Jim Leamon (JFK, attached hereto as Exhibit H and Exhibit I, respectively) and the Declaration of Alisa Bert (Aventura, attached hereto as Exhibit J), CAFA's requirement as to the amount in controversy is satisfied. (*See* Supplemental Leamon Decl. dated 4/1/2015 ¶¶ 9-10 (stating that JFK received a total of $21,027,474.50 in payments on relevant patient accounts from automobile insurance companies and that, for these same accounts, JFK received amounts totaling $1,321,084.27 from other insurance companies and from patients from October 27, 2010, through December 31, 2014); 2d Supp. Leamon Decl. dated 7/20/17 ¶¶ 5-6 (stating that JFK received a total of approximately $20,733,454 in payments on relevant patient accounts from automobile insurance companies and that, for these same accounts, JFK received a total of $1,398,389 from other insurance companies and patients from January 1, 2015, through July 19,

6

2017); Bert Decl. 7/21/17 ¶¶ 5-6 (stating that Aventura received a total of approximately $13,860,328 in payments on relevant patient accounts from automobile insurance companies and that, for these same accounts, Aventura received a total of $7,109,256 from other insurance companies and patients from October 27, 2010, through July 19, 2017).)

20. Thus, between October 27, 2010, and July 19, 2017, the total amount of payments received by JFK and Aventura for the relevant patient accounts was $55,621,256.50. Further, between October 27, 2010, and July 19, 2017, the total amount of payments received by JFK and Aventura for these accounts from other insurance companies and from individual patients (*see* Ex. D at 4-5) was $9,828,729.29.

21. JFK and Aventura are merely two of the six named Defendants, four of which are hospitals. The amount in controversy thus necessarily exceeds the amounts stated above. Moreover, Plaintiffs' newly proposed second class definition encompasses dozens of other hospitals throughout the State of Florida, which further increases the amount in controversy well above the CAFA threshold.

22. Plaintiffs also seek attorneys' fees for both counts of the Second Amended Complaint, and these amounts count towards the amount in controversy under CAFA. *See Reilly v. Amy's Kitchen, Inc.*, 2 F. Supp. 3d 1300, 1305 (S.D. Fla. 2014).

23. While Holdings strongly disputes Plaintiffs' entitlement to recover ***any*** damages in this action, and while no class should be certified in this case, as described above, the CAFA amount in controversy is easily met. As the Eleventh Circuit recently noted, "[a]ny inquiry into whether [a plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731-732 (11th Cir. 2014) (emphasis in original). "'[U]nless

7

recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.'" *Id.* (internal citations omitted).

24.     Pursuant to 28 U.S.C. § 1446(a), Holdings attaches hereto all remaining items filed in the State Court Action as Exhibit K (divided into parts K-1, K-2, and K-3 due to file size).

**WHEREFORE**, Holdings respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated: July 21, 2017.          Respectfully submitted,

/s/ John D. Emmanuel
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 222-8180
Fax: (813) 222-8189
*Attorneys for Defendants HCA Healthcare, Inc. and National Patient Account Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email and by CM/ECF on July 21, 2017, on all counsel of record on the Service List below.

## SERVICE LIST

William J. Cornwell
wjc@weissandhandlerpa.com
filings@weissandhandlerpa.com
Sylvia L. Wenger
slw@weissandhandlerpa.com
ma@weissandhandlerpa.com
Seth A. Kolton
sak@weissandhandlerpa.com
cb@weissandhandlerpa.com
WEISS, HANDLER & CORNWELL, P.A.
One Boca Place, Suite 218-A
2255 Glades Road
Boca Raton, FL 33431
Tel: (561) 997-9995
Fax: (561) 997-5280
*Counsel for Plaintiffs*

Bruce F. Silver
brucesilver@silverlawoffices.com
SILVER & SILVER P.A.
6100 Glades Road, Suite 201
Boca Raton, FL 33434
Tel: (561) 488-3344
Fax: (561) 488-5899
*Co-Counsel for Plaintiffs*

Walter J. Taché, FBN 28850
wtache@tachebronis.com
Magda C. Rodriguez, FBN 72688
mrodriguez@tachebronis.com
Tache, Bronis, Christianson and Descalzo
150 Southeast 2nd Avenue, Suite 600
Miami, FL 33131
Tel: (305) 537-9565
Fax: (305) 537-9567
*Counsel for Defendant JFK Medical Center Limited Partnership d/b/a JFK Medical Center; Palms West Surgery Center, Ltd. d/b/a Palms West Surgicenter; University Hospital, Ltd. d/b/a University Hospital & Medical Center, and Miami Beach Healthcare Group, Ltd. d/b/a Aventura Hospital and Medical center*

/s/ John D. Emmanuel
John D. Emmanuel, FBN 0475572
john.emmanuel@bipc.com
Ashley Bruce Trehan, FBN 0043411
ashley.trehan@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 East Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 222-8180
Fax: (813) 222-8189
*Attorneys for Defendants HCA Healthcare, Inc. and National Patient Account Services, Inc.*